ROBERT H. MOORE, JR., EMPLOYEE, PLAINTIFF v DAVIS AUTO SERVICE, EMPLOYER; PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 9410IC575

(Filed 2 May 1995)

### Workers' Compensation § 252 (NCI4th)— plaintiff's disability—sufficiency of evidence

Testimony by a physician, a therapist, and two vocational rehabilitation specialists supported the Industrial Commission's finding that plaintiff was unable, as a result of injury sustained in the course and scope of his employment with defendant-employer, to earn wages in his former employment or in any other employment, and the Commission properly concluded that plaintiff was entitled to continued benefits for temporary total disability pursuant to N.C.G.S. § 97-29.

### Am Jur 2d, Workers' Compensation §§ 381, 382.

Appeal by defendants from the Opinion and Award entered 16 March 1994 by the North Carolina Industrial Commission. Heard in the Court of Appeals 22 February 1995.

On 7 July 1988, plaintiff, Robert Moore, who had been employed by Davis Auto Service (defendant-employer) as a mechanic for ten weeks, sustained a fracture of his right scapula, other injuries to his right shoulder, and a cervical strain when a van beneath which he was working slipped off a lift. Plaintiff was treated by Dr. David O. Lincoln who advised him not to work and prescribed anti-inflammatory medications, pain medications, and a physical therapy program. Defendants admitted liability under the Workers' Compensation Act and began paying plaintiff benefits for temporary total disability beginning 15 July 1988 and continuing for "necessary" weeks.

Dr. Lincoln advised plaintiff that he could return to work on 6 February 1989, but plaintiff was unable to perform his duties as a mechanic because of restricted motion and continued pain in his right shoulder. Dr. Lincoln subsequently formed an opinion that plaintiff was incapable of mechanical labor and recommended that he undertake less physically demanding job activities. However, there was no "light" work available for plaintiff at Davis Auto Service. The

parties executed a Form 26 supplemental agreement pursuant to which defendant-carrier resumed payment of benefits for temporary total disability beginning 11 February 1989 and continuing for "necessary" weeks. By 28 June 1989, Dr. Lincoln was of the opinion that plaintiff had reached maximum medical improvement, although he continued to have restricted motion and pain in his shoulder. Dr. Lincoln assigned plaintiff a fifteen percent partial permanent disability rating of the right shoulder.

Nancy Douglas, an occupational therapist at Asheville Rehabilitation Center, evaluated plaintiff in May 1989. Her evaluation revealed that plaintiff was severely restricted in his functional capacities secondary to right shoulder pain, left hip pain, and general deconditioning. In her opinion, plaintiff was not magnifying his symptoms and she "would not anticipate him being able to perform a job that required physical exertion, static positioning (standing or sitting), or repetitive movements."

Plaintiff also underwent a psychological evaluation in September 1989. In the opinion of Edwin Crenshaw, the psychological associate who evaluated him, plaintiff was suffering from an affective disorder and, provisionally, a somatoform pain disorder, and "his physical problems, as well as his depression, cause significant limitations in [his] ability to sustain concentration and persistence in social interactions and in adaptation, and even sedentary work would be inappropriate [for him] at this time."

Defendant-carrier, concerned that plaintiff was malingering, referred him to George Page, a vocational rehabilitation specialist, for evaluation of his work potential. Mr. Page conducted a job search in the automotive field in Buncombe County, seeking employment for plaintiff as a runner or parts delivery person. No such positions were available at that time. Mr. Page widened his search, identifying available jobs in other fields in the county which he believed plaintiff was capable of performing. Plaintiff applied for several of the positions but was not offered employment because, according to Mr. Page, the employers told him plaintiff lacked enthusiasm. Mr. Page conceded, however, that the physical requirements of these jobs could have rendered them inappropriate for plaintiff in view of the requirements for lifting and for standing for long periods of time. Stephen Carpenter, another vocational rehabilitation specialist who examined plaintiff at the request of his attorney, was of the opinion that plaintiff was "not employable in any work setting."

Defendant-carrier also hired Carter Investigations, Inc., a private investigations firm, to monitor plaintiff's physical activities. The investigators reported observing plaintiff on 2 August 1990 for approximately five hours while he was allegedly cutting up a fallen tree two feet in diameter and dragging and piling brush at his new home site with minimal rest time and without any physical impairment. The investigators also reported observing plaintiff for several hours doing yard work during the period from 4-8 September 1990. Plaintiff denied that he had engaged in such activity and contended that the investigators had mistakenly been observing his uncle, who resembles him.

On 9 April 1991, defendants filed a Request that Claim be Assigned for Hearing, alleging that plaintiff was no longer entitled to temporary total disability benefits. After a hearing, Deputy Commissioner Charles Markham filed an Opinion and Award on 18 December 1992 concluding that plaintiff was entitled to continuing compensation for temporary total disability. Defendants gave notice of appeal to the Full Commission and filed a Motion for a New Hearing to Take Additional Evidence. On 16 March 1994, the Full Commission entered its Opinion and Award declining to receive further evidence, making its own findings of fact, and concluding that plaintiff remained totally disabled, entitling him to continued benefits for temporary total disability pursuant to N.C. Gen. Stat. § 97-29 for so long as such disability continues. Defendants appealed.

*Ganley, Ramer, Finger & Strom, by Thomas F. Ramer, for plaintiff-appellee.*

*Ball, Barden, Contrivo & Bell, P.A., by Thomas R. Bell, Jr., for defendant-appellants.*

MARTIN, John C., Judge.

Defendants assign error to several of the Full Commission's findings of fact and conclusions of law, to its Opinion and Award as being unsupported by the evidence, and to its refusal to hear additional evidence. After careful review, we reject defendants' arguments and affirm the Opinion and Award.

Defendants' primary argument is that the Full Commission erred by awarding plaintiff continued benefits under G.S. § 97-29 because the overwhelming weight of the evidence showed that plaintiff was employable. We disagree.

## MOORE v. DAVIS AUTO SERVICE

[118 N.C. App. 624 (1995)]

The Industrial Commission is the finder of facts in actions brought pursuant to the Workers' Compensation Act. *Watkins v. City of Wilmington*, 290 N.C. 276, 225 S.E.2d 577 (1976). In performing its function as factfinder, the Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and may accept or reject a witness' testimony based solely on its assessment of the witness' credibility. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E.2d 682 (1982). Appellate review of an Opinion and Award of the Commission is limited to two questions of law: (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings of fact justify its legal conclusions. *Watkins v. City of Asheville*, 99 N.C. App. 302, 392 S.E.2d 754, *disc. review denied*, 327 N.C. 488, 397 S.E.2d 238 (1990). When the Commission's findings of fact are supported by sufficient evidence, they are binding on the reviewing court despite the existence of evidence supporting contrary findings. *Hilliard, supra.*

In order for a claimant to receive continuing compensation under G.S. § 97-29, he has the burden of proving the existence of a disability as well as its extent. *Id.* N.C. Gen. Stat. § 97-2(9) defines "disability" as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." Thus, the claimant's burden is to show that because of injury his earning capacity is impaired. *Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 425 S.E.2d 454 (1993). "Once the burden of disability is met, there is a presumption that disability continues until 'the employee returns to work at wages equal to those he was receiving at the time his injury occurred.' " *Simmons v. Koger Co.*, 117 N.C. App. 440, 443, 451 S.E.2d 12, 14 (1994), *quoting Watkins v. Motor Lines*, 279 N.C. 132, 181 S.E.2d 588 (1971). The burden then shifts to the employer to produce evidence that the claimant is employable. *Burwell v. Winn-Dixie Raleigh*, 114 N.C. App. 69, 441 S.E.2d 145 (1994). The employer must "come forward with evidence to show not only that suitable jobs are available, but also that the [claimant] is capable of getting one, taking into account both physical and vocational limitations." *Kennedy v. Duke Univ. Med. Center*, 101 N.C. App. 24, 33, 398 S.E.2d 677, 682 (1990). A job is "suitable" if the claimant is capable of performing it considering his age, education, physical limitations, vocational skills, and experience. *Burwell, supra.* The claimant is "capable of getting" a job if there is a reasonable likelihood that he would be hired if he diligently sought to obtain the job. *Id.*

In this case, the evidence provided by Dr. Lincoln, plaintiff's treating physician, and by Ms. Douglas, Mr. Crenshaw, Mr. Carpenter and even Mr. Page support the Commission's finding that plaintiff was unable, as a result of injury sustained in the course and scope of his employment with defendant-employer, to earn wages in his former employment or in any other employment. As we noted in *Kennedy*, 101 N.C. App. at 31, 398 S.E.2d at 681:

> Our Supreme Court has approved the use of expert medical testimony on the issue of a claimant's ability to earn wages . . . . Similarly, this court has approved the use of testimony by vocational rehabilitation specialists on the issue of wage earning capacity . . . . (Citations omitted.)

Additionally, we held in *Watson v. Winston-Salem Transit Authority*, 92 N.C. App. 473, 374 S.E.2d 483 (1988), that evidence of an employer's refusal to allow an employee to return to work because there was no "light" work available supports a finding that the employee was not capable of earning wages in the same employment. Thus, plaintiff has presented ample competent evidence showing that his wage earning capacity remained impaired by injury, which satisfied his burden of proof and shifted the burden to defendants to show that plaintiff is capable of earning wages in some other employment. The Full Commission, apparently rejecting defendants' evidence as not credible, found that defendants had not met the burden imposed by *Kennedy, supra.* Accordingly, the Full Commission did not err in concluding that plaintiff remains totally disabled and entitled to compensation under G.S. § 97-29.

Four of defendants' five remaining assignments of error challenge the findings of fact and conclusions of law made by the Commission. Specifically, defendants contend that seven of the thirteen findings of fact, which relate to plaintiff's employability, are not supported by sufficient evidence; that conclusion of law #1, which comments on defendants' failure to introduce Dr. Lincoln's medical records, is an improper conclusion; and that all but one conclusion of law, which relate to the parties' burden of proof, do not apply to the facts of this case. We have reviewed each of the questioned findings and rule that there was competent evidence to support each finding; therefore, they are binding on appeal. *Hilliard, supra.* We have also reviewed the Commission's conclusions of law and determine that they are correct statements of the law and are supported by the facts found in this case.

Finally, defendants contend the Commission erred when it denied their motion for a new hearing to take additional evidence. The statute controlling the receipt of additional evidence on appeal to the Full Commission provides:

> [i]f application is made to the Commission within 15 days from the date when notice of the award shall have been given, the full Commission shall review the award, and, *if good ground be shown* therefor, . . . *receive further evidence* . . . .

N.C. Gen. Stat. § 97-85 (1991) (emphasis added); *Keel v. H & V Inc.*, 107 N.C. App. 536, 421 S.E.2d 362 (1992). The Commission's power to receive additional evidence is a plenary power "to be exercised in the sound discretion of the Commission." *Lynch v. Construction Co.*, 41 N.C. App. 127, 130, 254 S.E.2d 236, 238, *disc. review denied*, 298 N.C. 298, 259 S.E.2d 914 (1979). "[W]hether 'good ground be shown therefore' in any particular case is a matter within the sound discretion of the Commission, and the Commission's determination in that regard will not be reviewed on appeal absent a showing of manifest abuse of discretion." *Id. at* 131, 254 S.E.2d at 238.

In the present case, the additional evidence which defendants sought to introduce was edited videotape taken in 1993 by the private investigators which purportedly showed plaintiff, along with his uncle, engaged in physical activity; the written reports of the investigators' surveillance; and affidavits by one of the investigators and by plaintiff's estranged wife regarding the extent of plaintiff's physical activities. In our opinion, especially in light of the fact that other unedited videotaped evidence had already been received, the proffered evidence is simply cumulative. Defendants have not shown a manifest abuse of the Commission's discretion and we will not disturb its denial of defendants' motion.

The Opinion and Award of the Full Commission is

Affirmed.

Chief Judge ARNOLD and Judge WYNN concur.