PEDRO C. SMITH, Plaintiff-Employee v. SEALED AIR CORPORATION, Defendant-Employer, and HARTFORD INSURANCE COMPANY, Defendant-Carrier

No. COA96-801

(Filed 2 September 1997)

**Workers' Compensation § 236 (NCI4th)— injured employee— "make-work" job not available in labor market—not evidence of capacity to earn wages**

The Industrial Commission properly concluded that the scrap baling job offered to plaintiff, an injured employee, by defendant employer was a "make-work" job not ordinarily available in the competitive job market and could not be considered as evidence of plaintiff's capacity to earn wages where the evidence in the record indicated that the baler position was not advertised to the general public and was not included in defendant's regular budget; execution of the baler job would require an average person to expend only two hours per day; and there were minimal expectations for plaintiff's performance of the baler job. Therefore, plaintiff's rejection of the baler job did not require termination of his temporary total disability benefits.

Appeal by defendants from Opinion and Award entered 16 February 1996 by the North Carolina Industrial Commission. Heard in the Court of Appeals 21 April 1997.

*Tamela G. Clayton for plaintiff-appellee.*

*Morris York Williams Surles & Brearley, L.L.P., by John F. Morris and Lyndon R. Helton, for defendant-appellants.*

JOHN, Judge.

Defendants appeal an Opinion and Award of the North Carolina Industrial Commission (the Commission) granting plaintiff continued benefits for total disability. Defendants contend the Commission erred by "concluding that the job offered to plaintiff-employee by defendants [could] not be considered as evidence of his ability to earn wages." We affirm the Commission.

Pertinent facts and procedural information include the following: plaintiff was injured in the course of his employment with defendant Sealed Air Corporation (Sealed) on 2 May 1990 when he fell from a loading dock and a steel ramp struck his right foot. Plaintiff suffered

three undisplaced fractures of his right leg which appeared to heal normally. However, plaintiff subsequently developed reflex sympathetic dystrophy syndrome (RSD), a condition that caused him great pain in his right foot.

Defendants initially admitted compensability of plaintiff's injury, executed a Form 21 "Agreement for Compensation for Disability" which was approved by the Commission 22 March 1991, and paid plaintiff temporary total disability. However, Sealed subsequently offered plaintiff a position as baler, whose duties included loading scrap paper material into a hamper and thereafter pushing a button to activate equipment within the machine which compressed the scrap into a tight bale. The process of loading and compressing continued until a full-sized bale was produced. A forklift thereafter unloaded the hamper. Plaintiff attempted to perform this job for approximately four hours in 1991, but stopped, complaining of increased pain.

Compensation to plaintiff was terminated 12 August 1992 by order of a Deputy Commissioner for failure to comply with recommended treatment. *See* N.C.G.S. § 97-25 (1991). Following plaintiff's compliance with medical treatment specified in that order, a Form 26 Agreement between plaintiff and defendants reinstating temporary total disability compensation was approved by the Commission 11 December 1992.

On 2 August 1993, Sealed again formally offered plaintiff the baler position. Plaintiff declined. Defendants' two Form 24 applications to terminate compensation were denied in September 1993, and they subsequently filed a request for hearing in December 1993.

The matter came on to be heard 19 May 1994. The Deputy Commissioner determined the baler position to be within plaintiff's capabilities and terminated his temporary total disability benefits as of the date of hearing. Upon review, the Commission reversed, stating

[t]he baler job is not one which is available in the open and competitive labor market and is not reflective of plaintiff's actual wage earning capacity.

The Commission further ruled plaintiff continued to be totally disabled and awarded him benefits accordingly. Defendants filed notice of appeal to this Court.

SMITH v. SEALED AIR CORP.

[127 N.C. App. 359 (1997)]

In reviewing a decision of the Commission, our inquiry is limited to two questions: (1) whether the Commission's findings are supported by any competent evidence in the record, and (2) whether those findings support the Commission's conclusions of law. *Moore v. Davis Auto Service*, 118 N.C. App. 624, 627, 456 S.E.2d 847, 850 (1995).

Generally, the burden lies with an injured employee to establish the existence and extent of disability, *i.e.*, the incapacity to earn wages. *Franklin v. Broyhill Furniture Industries*, 123 N.C. App. 200, 205, 472 S.E.2d 382, 386, *cert. denied*, 344 N.C. 629, 477 S.E.2d 39 (1996). However, where there has been a previous determination of total disability, such as in the case *sub judice* where both a Form 21 and a Form 26 agreement were approved by the Commission, the employee is entitled to a presumption of continuing disability. *Stone v. G & G Builders*, 121 N.C. App. 671, 674-75, 468 S.E.2d 510, 512-13 (1996), *disc. review allowed*, 343 N.C. 757, 473 S.E.2d 627 (1996), *and rev'd on other grounds*, 346 N.C. 154, 484 S.E.2d 365 (1997). Thereafter, it is incumbent upon the employer to come forward with evidence that suitable jobs are available to the employee and "that the [employee] is capable of getting one," taking into account the employee's "age, education, physical limitations, vocational skills, and experience." *Franklin*, 123 N.C. App. at 206, 472 S.E.2d at 386 (quoting *Burwell v. Winn-Dixie Raleigh*, 114 N.C. App. 69, 73, 441 S.E.2d 145, 149 (1994)). Moreover, the employer may at any point also show the employee is no longer entitled to benefits because of the latter's unjustified refusal to accept a specific offer of suitable employment. *Id.*, *see* N.C.G.S. § 97-32 (1991).

In the case *sub judice*, defendants contend plaintiff failed to accept the job of baler with Sealed and his benefits should therefore have been terminated. In particular, defendants assign error to the Commission's findings of fact numbers six, seven and nine (#6, #7 and #9) as "not supported by competent evidence of record." We address each in turn.

Finding of fact #6 commences with the statement that on 2 August 1993 "defendants offered plaintiff a job as a baler which he refused to accept." A detailed description of the duties of the position follows, including the notation that approximately twenty minutes are consumed in the production of one bail of scrap materials. Finally, finding # 6 relates that "[i]n 1993, six bales were made per day" by Sealed.

SMITH v. SEALED AIR CORP.

[127 N.C. App. 359 (1997)]

Defendants' appellate brief does not specify which of the foregoing provisions they challenge. *See* N.C.R. App. P. 28(a) (assignments of error not argued in appellant's brief are deemed abandoned). However, our review reveals competent evidence in the record supports each statement, *see Moore*, 118 N.C. App. at 627, 456 S.E.2d at 850, the main source being defendants' own witness, plant manager Gary Trexler (Trexler).

As to finding of fact #7, defendants assign error to the portion thereof which provides as follows:

> The baler job is not one which is available in the open and competitive labor market and is not reflective of plaintiff's actual wage earning capacity.

This assignment of error is unfounded.

*Peoples v. Cone Mills Corp.*, 316 N.C. 426, 439, 342 S.E.2d 798, 806 (1986), directs that creation for injured employees of makeshift positions which do not exist in the ordinary marketplace will not meet an employer's responsibilities under the Workers' Compensation Act.

> Proffered employment would not accurately reflect earning capacity if other employers would not hire the employee with the employee's limitations at a comparable wage level. The same is true if the proffered employment is so modified because of the employee's limitations that it is not ordinarily available in the competitive job market. The rationale behind the competitive measure of earning capacity is apparent. If an employee has no ability to earn wages competitively, the employee will be left with no income should the employee's job be terminated.

*Id.* at 438, 342 S.E.2d at 806. Thus, when an employer attempts to show an employee is no longer entitled to compensation for disability based upon the proffer of a job specially created for the employee, the employer must come forward with evidence that others would hire the employee "to do a similar job at a comparable wage." *Saums v. Raleigh Community Hospital*, 346 N.C. 760, 765, 487 S.E.2d 746, 750 (1997). Defendants herein presented no such evidence in reference to the baler position tendered to plaintiff.

Moreover, the Commission's finding that the job offered to plaintiff was not one "available in the open and competitive labor market," *i.e.*, was essentially make-work, is supported by the notations in finding # 7 that

SMITH v. SEALED AIR CORP.

[127 N.C. App. 359 (1997)]

No employees are actually assigned to [the baler] position on a full-time basis. The baler work is performed as need by six to eight different employees who are taken from other jobs in the plant and who have time to do the baling.

These statements are supported by competent evidence in the record and are not contested by defendants. In addition, evidence was provided at the hearing that the baler position was not advertised to the general public and was not included in Sealed's regular budget, two factors tending to sustain characterization of the job as specially created for plaintiff.

Further examination of the transcript also reveals substantial evidence suggesting the baler job would *not* be available in the competitive market. Defendants' witness Trexler testified the "average person" would compact one bale of refuse in twenty minutes. Moreover, Trexler indicated that Sealed produced eight to nine bales per day in 1991, but that, due to new waste reduction equipment, the amount was reduced by 1993 to six bales per day. At the time of the hearing, in 1994, the plant was down to four to five bales per day. Thus, by defendants' own testimony, execution of the job offered by Sealed to plaintiff in 1993 would require the average person to expend but two hours per day.

Finally, Trexler made it clear there were minimal expectations for plaintiff's performance of the baler position. Trexler testified that other employees would give plaintiff "whatever help he needed" in performing his job and that it would be "acceptable" if plaintiff were physically limited to producing a single bale per day.

Our Supreme Court in *Cone Mills* rejected "offering an injured employee employment which the employee under normally prevailing market conditions could find nowhere else." 316 N.C. 426, 439, 342 S.E.2d 798, 806. It defies reason and sound business practice to accept that an employer in the competitive market would employ an individual for a full forty hour week to perform a job completed by the average person in a mere ten hours, or that a company producing six bales of waste daily would hire an employee physically limited to assembling a single bale per day. Likewise, jobs in the competitive market are not customarily designed with a view towards providing an employee "whatever help [is] needed" to complete job tasks. Defendants thus offered plaintiff a position which he "under normally prevailing market conditions could find nowhere else," *id.*

Defendants further rely on provisions of the Americans with Disability Act (ADA), 42 U.S.C. § 12101 *et seq.*, to support their exception to the initial portion of finding #7. We decline to address this contention.

N.C.R. App. P. 10(c)(1) provides that assignments of error in the record on appeal "shall state plainly, concisely and without argumentation the legal basis upon which error is assigned." However, defendants failed to include in their assignments of error to this Court any reference to the ADA as supportive of their legal arguments. The "scope of review on appeal is confined to a consideration of those assignments of error set out in the record" in compliance with the guidelines of N.C.R. App. P. 10, *see* N.C.R. App. P. 10(a), and defendants' arguments founded upon the ADA have not been properly presented to us.

The Commission's finding #9, the last to which defendants object, in the main provides that "plaintiff is incapable of earning wages with defendants or in any other employment." As noted above, defendants failed to rebut the presumption of plaintiff's continuing total disability by showing suitable jobs were available for plaintiff and that he was capable of getting one, *see Franklin*, 123 N.C. App. at 206, 472 S.E.2d at 386, or that he refused a suitable offer of employment, G.S. § 97-32. The Commission's finding is therefore proper. Moreover, the Commission's findings that plaintiff is a sixty-nine year old man with a ninth grade education, a history of unskilled labor, and a limitation to performing sedentary work (unchallenged by defendants and based on evidence in the record) likewise support its determination that plaintiff is totally disabled.

Defendants' remaining assignments of error attack those portions of the Commission's conclusions of law providing that the baler job is "make-work" and cannot be considered as evidence of plaintiff's capacity to earn wages, and that plaintiff remains temporarily totally disabled. Suffice it to state that the challenged conclusions indisputably are sustained by the Commission's findings of fact discussed above. *See Moore*, 118 N.C. App. at 627, 456 S.E.2d at 850.

In sum, the Opinion and Award of the Commission is in all respects affirmed.

Affirmed.

Chief Judge ARNOLD and Judge LEWIS concur.