The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hoag. As the appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives, except for the addition of Award Number Two, the Full Commission affirms the Opinion and Award of the Deputy Commissioner as follows:
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Cincinnati Insurance Company is the carrier on the risk.
4. On the date of her injury, plaintiff was earning an average weekly wage of $246.00, yielding a compensation rate of $164.08 per week.
5. Plaintiff sustained an injury to her back by way of specific traumatic incident on 17 March 1995.
6. Plaintiff entered into a Form 21 Agreement with defendant-employer.
7. The parties stipulated to documents consisting of a bound and indexed set of reports including:
a. Rehabilitation reports of Killette and Associates
b. Rehabilitation reports
c. Medical records of Dr. Mark Hartman
d. Medical records of Dr. William Moorefield
e. Medical records of Dr. Debra Coles
f. Medical records of Dr. Josh Miller
g. Medical records of Dr. Kenneth Wood
 ***********
Based upon all of the competent evidence of record and reasonable inferences drawn therefrom, the Full Commission makes the following additional
 FINDINGS OF FACT
1. Plaintiff sustained an injury by accident to her back arising out of and in the course of her employment by way of a specific traumatic incident on 17 March 1995, when she assisted in the moving of a table. The injury aggravated underlying spinal stenosis which developed as a result of an earlier fusion from the T-11 level to the L-4 level.
2. Plaintiff first sought medical treatment following the injury by accident on 11 May 1995, when she presented to Dr. Mark Hartman with leg and back pain. Dr. Hartman attempted to treat the aggravation of underlying spinal stenosis by epidural injections. However, when the injections failed to provide long term relief, Dr. Hartman performed decompression surgery at L4-5.
3. On 27 March 1996, Dr. Hartman concluded that plaintiff had reached maximum medical improvement and assigned her a permanent partial impairment rating of fifteen percent (15%) to the back.
4. During plaintiff's 27 March 1996 visit, Elizabeth Smith, a rehabilitation nurse retained by defendants, presented Dr. Hartman with a written job analysis and video tape depicting the job duties of a position plaintiff was being offered by defendant-employer. Dr. Hartman reviewed both items and concluded that the job proffered did not look "that strenuous". Accordingly, he determined that plaintiff could be released to attempt to return to work for defendant-employer performing the job described and depicted. The initial release was for four hours per day with gradual increases to full time in one month.
5. According to Dr. Hartman, plaintiff was definitely not permanently and totally disabled.
6. Although Dr. Hartman was equivocal regarding the likely success of plaintiff in returning to work, he definitely thought she should attempt to return to work and released her specifically for that purpose to what he designated a suitable job.
7. On 27 March 1996, Elizabeth Smith notified plaintiff to report for work on 29 March 1996. The return to work was confirmed by letter which set initial work hours consistent with Dr. Hartman's release.
8. Plaintiff never reported to work for defendant-employer, never attempted work of any kind for defendant-employer or anyone else. Plaintiff's refusal to attempt to return to work by accepting the job which was suitable to her capacity constitutes an unjustified refusal.
9. As a result of the Form 21 Agreement, plaintiff is presumed disabled. However, defendants have proven by a preponderance of the competent credible evidence of record that plaintiff was not permanently disabled as of 27 March 1997. No doctor has ever given plaintiff a disability rating of more than 15% to her back. Plaintiff was released to a light work position, but never attempted to return to work or to look for other work. The only evidence offered by plaintiff to support her contention that she is permanently and totally disabled is her successful application for social security disability benefits.
10. There is no evidence of record to support plaintiff's contentions that she is unable to work due to her age, lack of skills, or education, or would be unable to find work of any kind.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff is not at this time permanently and totally disabled. Although plaintiff has a presumption of continuing disability, defendants have proven by a preponderance of the evidence that plaintiff was no longer disabled as of 27 March 1996.
2. Plaintiff is not entitled to recover any additional benefits on account of her injury by accident on or about 17 March 1995, because she unjustifiably refused employment suitable to her capacity. Unjustified refusal to accept suitable employment precludes recovery of any benefits pursuant to N.C. Gen. Stat. § 97-29 or N.C. Gen. Stat. § 97-30 as long as the unjustified refusal persists. Franklin v. BroyhillFurniture Industries, 123 N.C. App. 200, 472 S.E.2d 382,cert. denied, 344 N.C. 629, 477 S.E.2d 39 (1996).
3. By virtue of the Form 21 Agreement, plaintiff enjoyed a presumption of continuing disability. Smith v. Sealed AirCorp., 127 N.C. App. 359, 49 S.E.2d 445 (1997). However, defendants have overcome this burden by offering evidence that the defendant-employer had available a suitable job that plaintiff was capable of performing, taking into account the employee's age, education, physical limitations, vocational skills, and experience. Smith 489 S.E.2d at 447. Further, plaintiff's treating physician approved the light duty job after reviewing a written job analysis and a video tape depicting the job.
4. Plaintiff's refusal to attempt to undertake the job was not justified. The job offered was not a make shift position, but rather a real job. Peoples v. Cone Mills Corp.,316 N.C. 426, 342 S.E.2d 798 (1986). The preponderance of the evidence in this case establishes that the position offered plaintiff was not make-work.
5. The proffered job was suitable to plaintiff's capacity. The "suitability" determination is not limited to consideration of physical suitability. Dixon v. City of Durham,128 N.C. App. 501, 495 S.E.2d 380, disc. review denied,348 N.C. 496, ___ S.E.2d ___ (1998). Other considerations such as psychological disability and similarity of wages or salaries must also be considered. Id., 495 S.E.2d at 383. In this case, there is no evidence of any psychological disability impacting on physical disability. Additionally, there is no evidence of a difference between pre-injury and post-injury earnings. Plaintiff simply has set forth no evidence justifying her refusal to at least attempt to return to work.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff is not currently permanently and totally disabled. Plaintiff unjustifiably refused to return to work and thus her claim for permanent and total disability compensation must be and hereby is DENIED.
2. Plaintiff's temporary total disability compensation heretofore paid pursuant to a Form 21 Agreement is suspended until plaintiff complies with the requirements of the Act and returns to work in the job deemed suitable by her physician.
3. Defendants shall pay to plaintiff compensation for permanent partial impairment of 15% to the back or 45 weeks at the compensation rate of $164.08. Attorney for plaintiff is entitled to 25% of this award which shall be deducted from the total and paid directly to plaintiff's attorney.
4. Defendants shall bear the costs.
 S/_____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________ CHRISTOPHER SCOTT COMMISSIONER
DCS:jbd