***********
The Full Commission reviewed the prior Opinion and Award based upon the record of proceedings before Deputy Commissioner Phillips and upon the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence or receive further evidence. Upon competent review of the record, the Full Commission adopts the Opinion and Award of the Deputy Commissioner and AFFIRMS with some modifications.
 *********** *Page 2 
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: STIPULATIONS
1. All parties are properly before the Commission and the Commission has jurisdiction of the parties and the subject matter.
2. At all times relevant to this claim, an Employer-Employee relationship existed between Kenneth Barnes and N.C. State University.
3. N.C. State University is self-insured and Key Risk Management Services is the third party administrator.
4. An injury by accident occurred on August 15, 2006 which Defendant accepted on a Form 60 filed on May 8, 2007, admitting injuries to Plaintiff's neck, low back and left thumb.
5. The employee's average weekly wage is $695.69 per Form 22, which yields a compensation rate of $463.82.
6. Plaintiff and Defendant contend that the contested issues to be tried by the Commission are as follows:
 a. Is surgery recommended by Dr. Joel Krakauer and Dr. Brian Szura reasonable and necessary medical treatment for his work injury on August 15, 2006?
 *********** EXHIBITS
The Deputy Commissioner admitted the following exhibits into evidence:
 (a) Stipulated Exhibit 1: Pre-Trial Agreement.
 (b) Stipulated Exhibit 2: Industrial Commission Forms and Medical records. *Page 3 
 ***********
Based upon all the competent evidence of record, the undersigned makes the following:
 FINDINGS OF FACT
1. Plaintiff was involved in a compensable automobile accident at work on August 15, 2006 resulting in injuries to his neck, back and left hand. Plaintiff was taken to Wayne Memorial Hospital where he was treated for back pain and trauma to the back of his head.
2. Plaintiff's medical history prior to the compensable auto accident indicates that Plaintiff was involved in an earlier automobile accident in 2004 and sustained injuries to his neck, back and both hands. For some months following the earlier accident, Plaintiff was treated at Cary Orthopaedic.
3. After his August 15, 2006 compensable work injury, Plaintiff was treated by Dr. Brian Szura at Cary Orthopaedic from September 7, 2006 through November 28, 2006. Plaintiff suffered cervical and lumbar pain as well as left thumb pain. Dr. Szura's assessment included cervical strain, lumbosacral strain, and sprain of the basil joint of the left thumb. On examination, Plaintiff had limited rotation in his neck, tenderness in his posterior trap muscles bilaterally and spasms in the lumbar region. He was put on work restrictions, provided physical therapy and injections to his left thumb. He wore a splint for six to eight weeks.
4. As of November 28, 2006, Plaintiff continued to have problems with his back and his left thumb. On examination, he had tenderness of the left basilar joint of his left thumb. Dr. Szura opined that Plaintiff's injury exacerbated problems in his spine and basilar joint and he assigned permanent work restrictions.
5. Plaintiff continues to have pain in the left thumb. He is limited in what he can pick up and perform with the left hand. *Page 4 
6. Dr. Bloem evaluated Plaintiff on March 14, 2007 and found Plaintiff had pain since his accident of August 15, 2006. On examination, Plaintiff had pain with his range of motion of his neck and pain at the base joint of his thumb. A grinding test was positive. Backward bending was painful and limited and he had difficulty coming back up from forward bending. His x-rays revealed significant spur formation and narrowing at C5-C6 and C6-C7. Dr. Bloem assigned a combined disability rating under workers' compensation guidelines for his neck and back of 5%, not differentiating a rating between the two body parts.
7. On April 13, 2007, Plaintiff was seen by Dr. Joel Krakauer for a second opinion regarding disability to his left thumb. At that time, Plaintiff continued to have significant discomfort. On exam he was tender in the basilar thumb joint. He had a positive grind present. It was noted that the injury of August 15, 2006 aggravated Plaintiff's previous thumb condition. A 5% impairment rating was assigned to Plaintiff's thumb in relation to the August 15, 2006 accident.
8. In a May 2007 letter, Dr. Krakauer recommended surgery on the left thumb described as a trapezium excision and interposition athroplasty using a tendon graft from the forearm.
9. Dr. Krakauer opined within a reasonable degree of medical certainty that the treatment, including surgery, recommended for Plaintiff is related to his work accident.
10. Dr. Krakauer acknowledged that Plaintiff's x-rays revealed an idiopathic condition, namely arthritis in the left thumb. Dr. Krakauer opined that it is common for people to have an arthritic joint that is manageable or minimal or even nonexistent and an injury can set off the joint and cause pain that becomes unrelenting and requires surgical intervention. Dr. Krakauer opined within a reasonable degree of medical certainty that if the thumb was *Page 5 
asymptomatic prior to the work injury and thereafter worsened and was aggravated, the surgery is reasonable and necessary to effect a cure or to provide Plaintiff pain relief.
11. Dr. Szura concurs with the recommendation of surgery to repair Plaintiff's left thumb. Dr. Szura opined that the surgical repair will likely eliminate most of the discomfort in Plaintiff's thumb. Dr. Szura opined to a reasonable degree of medical certainty that it is more likely than not that the accident on August 15, 2006 exacerbated and worsened Plaintiff's symptoms necessitating the surgical procedure at an earlier date then he might have otherwise.
12. Dr. Krakauer opined that a person could be out of work for eight weeks following a surgery of this nature due to the pain associated with the surgery and the therapy required postoperatively.
13. Plaintiff's hearing testimony is accepted as credible.
14. In the proceedings before the Deputy Commissioner, the parties stipulated that one issue was presented for decision, whether the surgery recommended for Plaintiff's left thumb was causally related to his injury by accident. Defendant, in their Form 44 filed with the Commission, assigned error to the Deputy Commissioner's inclusion of the issue of a permanent partial disability rating as that issue is not properly before the Full Commission.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff suffers from his injuries to his back, neck, and left thumb as a result of his work accident on August 15, 2006. N.C. Gen. Stat § 97-2(6). Plaintiff has proven by the greater weight of the medical evidence that his injury by accident on August 15, 2006 aggravated a preexisting condition in his left basilar thumb joint to a symptomatic state necessitating *Page 6 
surgery. If employment aggravates, accelerates, or combines with an employee's preexisting disease or infirmity to produce injury, injury "arises out of" employment for workers' compensation coverage. Billingsv. General Parts, Inc., 187 N.C. App. 580, 654 S.E.2d 254 (2007).
2. Plaintiff is entitled to receive treatment for his left thumb that would effect a cure, provide relief or lessen his period of disability, including the surgery recommended by Dr. Krakauer. N.C. Gen. Stat. § 97-25.
3. Defendant's argument is well taken that the issue of Plaintiff's petition for payment of a permanent partial disability rating to the neck is not properly before the Full Commission. A stipulation by the parties and approved by Industrial Commission is binding absent showing that there has been error due to fraud, misrepresentation, undue influence or mistake. Moore v. Concrete Supply Co., 149 N.C. App. 381,561 S.E.2d 315 (2002). Additionally, the combined disability rating for the neck and shoulder is insufficient evidence from which to calculate a permanent partial disability award for the neck only.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay all medical expenses incurred and to be incurred as a result of Plaintiff's work related injury to his left thumb, including the surgery recommended by Dr. Krakauer when medical bills have been submitted according to established Industrial Commission procedures. Plaintiff shall be entitled to medical treatment related to his left thumb *Page 7 
for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen Plaintiff's period of disability.
2. Defendants shall pay the costs.
This the ___ day of June, 2009. S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
S/_____________ BERNADINE BALLANCE COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER *Page 1