JIMMY SPRINGER, EMPLOYEE, PLAINTIFF v. McNUTT SERVICE GROUP, INC., EMPLOYER, SELF-INSURED (KEY RISK MANAGEMENT SERVICES, SERVICING AGENT), DEFENDANT

No. COA02-1514

(Filed 7 October 2003)

**1. Workers' Compensation— disability—burden of proof— not met**

The Industrial Commission did not err by concluding that a workers' compensation plaintiff failed to meet his burden of proving that he was disabled. The Commission found that no physician prohibited plaintiff from working or had found that plaintiff could not work in any employment, defendant offered expert testimony that an average person could have found suitable employment, taking into account plaintiff's limitations, and the Commission found that plaintiff had suffered only minor injuries from his fall and that his testimony about his limitations was not credible.

SPRINGER v. McNUTT SERV. GRP., INC.

[160 N.C. App. 574 (2003)]

## 2. Workers' Compensation— no further medical treatment— findings

The Industrial Commission's findings that a workers' compensation plaintiff was not in need of further medical treatment as a result of his injuries were supported by competent evidence.

## 3. Workers' Compensation— denial of disability—grounds

The Court of Appeals did not reach the question of whether a workers' compensation plaintiff was denied disability payments for his refusal of light duty work. The Industrial Commission correctly found that plaintiff had not met his burden of showing disability.

Appeal by plaintiff from opinion and award of the North Carolina Industrial Commission entered 26 August 2002 by Commissioner Bernadine S. Ballance. Heard in the Court of Appeals 9 September 2003.

*David Gantt, for plaintiff-appellant.*

*Young Moore and Henderson P.A., by Jeffrey T. Linder, for defendant-appellee.*

TYSON, Judge.

Jimmy Springer ("plaintiff") appeals from the Opinion and Award of the Full Commission of the Industrial Commission ("Commission") denying his worker's compensation claim. We affirm.

## I. Facts

Plaintiff was employed as a heating and air mechanic on 3 August 1999 by McNutt Service Group, Inc. ("defendant"). Plaintiff claimed that he sustained an injury by accident to his left knee and right hip when he slipped and bumped his left knee while walking across some boards at work. Plaintiff is fifty-two years old and has worked the majority of his life as a heating/cooling ("HVAC") duct work installer. This work involves lifting duct work weighing as much as 150 pounds and requires plaintiff to work in cramped areas to install equipment for HVAC units. Prior to starting work with defendant in February 1999, plaintiff had not worked for ten years. Plaintiff had been receiving Social Security Disability benefits due to injuries he sustained at his prior job to his left arm and right shoulder and due to a right hip dislocation he suffered in a motorcycle accident. Plaintiff received

written clearance from the Social Security Administration before going back to work in February 1999.

On 3 August 1999, plaintiff was installing duct work in the attic of Rex's Gun Shop when his left boot slipped off of a 2 x 4 wooden stud. He fell and struck his left knee. Plaintiff had not experienced or complained of knee problems prior to this injury. The following day, plaintiff returned to work experiencing pain in his left knee and right hip. He was assigned to a job at the Bath and Body Shop. On this job, plaintiff aggravated the injuries from the previous day when he slipped on an attic sprinkler line. Plaintiff notified defendant verbally and by leaving a written note in the office of Mark Sawyer, defendant's vice president. Plaintiff left a telephone message that he was hurt and would be seeking medical attention. Plaintiff did not seek medical attention until a week later on 10 August 1999. During this period of time, Scarlet Laughter, defendant's director of personnel, repeatedly called plaintiff to advise him that company policy required him to schedule an examination with Western Carolina Occupational Health Center. An appointment was set for 10 August 1999 and plaintiff was seen by Dr. John B. Lange ("Dr. Lange"). Plaintiff was diagnosed with right hip and left knee contusions, given work restrictions, and told to return in a week.

On 23 August 1999, plaintiff went to Dr. Louis Schroeder ("Dr. Schroeder"), his personal physician. Dr. Schroeder noted that Plaintiff was not limping and that there were no other findings other than tenderness. Plaintiff returned to Western Carolina Occupational Health Center and was again seen by Dr. Lange. Dr. Lange prescribed Celebrex and continued the prior work restrictions for two weeks. Subsequently, plaintiff was examined by Dr. Jon Silver and Dr. Tally Eddings ("Dr. Eddings"). Dr. Eddings diagnosed plaintiff as having illotibial band friction syndrome. On 19 September 2000, Dr. James Lipsey ("Dr. Lipsey"), who in the past had examined plaintiff for his right hip condition, performed an independent medical examination. Dr. Lipsey found no evidence of significant injury to plaintiff's right hip attributable to his fall at work. Dr. Lipsey had no treatment recommendation for plaintiff's left knee injury.

After the initial medical examination by Western Carolina Occupational Health Center, defendant offered plaintiff light duty work. Plaintiff did not return to work or return phone calls regarding his return to work. Plaintiff was terminated. Plaintiff testified that he has not sought any type of work since his injury.

## II. Issues

The issues are whether the Commission erred in: (1) ruling plaintiff was not disabled, (2) ruling plaintiff does not need further medical treatment, and (3) denying plaintiff disability benefits after finding plaintiff refused light duty employment.

## III. Disability

In reviewing a decision of the Commission, an appellate court is limited to a consideration of whether competent evidence supports the findings of fact and whether the findings of fact support the conclusions of law. *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). Findings of fact by the Commission are conclusive upon appeal if supported by competent evidence, even though other evidence supports contrary findings. *Pittman v. International Paper Co.*, 132 N.C. App. 151, 156, 510 S.E.2d 705, 709 (1999). "The Commission's conclusions of law, however, are reviewed *de novo*." *Bailey v. Western Staff Servs.*, 151 N.C. App. 356, 359, 566 S.E.2d 509, 511 (2002).

The employee bears the burden of proving each and every element of compensability. *Harvey v. Raleigh Police Dep't*, 96 N.C. App. 28, 35, 384 S.E.2d 549, 553 (1989). The employee can prove that he is disabled in one of four ways by production of: (1) medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) evidence that he is capable of some work, but has after a reasonable effort been unsuccessful in his efforts to obtain employment; (3) evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) evidence that he has obtained other employment at a wage less than that earned prior to the injury. *Russell v. Lowes Prod. Distrib.*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993).

[1] Plaintiff contends the Commission erred when it concluded that plaintiff failed to meet his burden of proving he was disabled under prong three of the *Russell* test. We disagree.

The Commission found no physician had prohibited plaintiff from working or had found that plaintiff could not work in any employment as a result of his knee and hip complaints. Dr. Lange never totally restricted plaintiff from work. Dr. Eddings did not find plaintiff to be totally disabled from any work. The Commission also found

that it would not be futile under prong three of the *Russell* test for plaintiff to have sought work.

Defendant offered expert evidence by Jane Veal, a vocational rehabilitation professional, who testified that an average person with some effort could have found suitable employment taking into account plaintiff's physical limitations. She specifically identified several jobs, including security guard positions, motel clerk, and forklift operators plaintiff was capable of performing if he had searched for work. The Commission also found plaintiff's testimony regarding his physical limitations was not credible and plaintiff only suffered minor injuries from his fall. The Commission's finding that a search for work would not be futile, as required by prong three of *Russell*, is supported by competent evidence. Plaintiff's assignment of error is overruled.

### IV.  Further Medical Treatment

[2] The Commission found that plaintiff was not in need of further medical treatment as a result of his injuries. Plaintiff contends competent medical evidence does not support this finding.

Dr. Lipsey examined plaintiff for his earlier hip injury and testified that any changes in plaintiff's hip condition were associated with a progression of his preexisting degenerative condition. Dr. Lipsey also testified that he "found no evidence of significant injury" related to plaintiff's 3 August 1999 accident. The Commission noted that Dr. Lipsey was in the best position to opine on plaintiff's hip condition as he was the only doctor who examined plaintiff before and after his 3 August 1999 accident.

The Commission also found plaintiff was not in need of further medical treatment as a result of his left knee contusions. Dr. Lipsey testified that no treatment recommendations were indicated for plaintiff's left knee condition and that no structural injuries to that knee were evident. The Commission's findings are supported by competent evidence. Plaintiff's second assignment of error is overruled.

### V.  Refusal of Light Duty Work

[3] Plaintiff's third assignment of error is that his disability payments could not be denied based on an alleged refusal of a "make work" job that was not available to the general public.

The Commission did not deny plaintiff disability compensation on these grounds. The Commission found plaintiff failed to meet his

burden of proving he was disabled irrespective of whether he refused an offer of suitable employment. The Commission's findings of fact that plaintiff failed to meet his burden of proving he was disabled is supported by competent evidence. We do not reach the merits of plaintiff's third assignment of error.

## VI. Conclusion

The Commission's findings of fact and conclusions of law concerning plaintiff's failure to prove his disability and that he requires no further medical attention are supported by competent evidence in the record. We need not reach the merits of the denial of plaintiff's disability compensation due to his refusal of light duty work. The Opinion and Award of the Commission is affirmed.

Affirmed.

Judges WYNN and LEVINSON concur.