KATHY DIANNE CRAVEN, Employee, Plaintiff v. VF CORPORATION D/B/A THE LEE APPAREL COMPANY, INC., D/B/A VF JEANSWEAR LIMITED PARTNERSHIP, Employer, Self-Insured, GALLAGHER BASSETT SERVICES, INC., Adminstrator, Defendants

No. COA03-1688

(Filed 21 December 2004)

**1. Workers' Compensation— causal relationship—back injury and mental condition**

The Industrial Commission's determination in a workers' compensation case that a causal relationship existed between plaintiff's back injury and mental condition was supported by

CRAVEN v. VF CORP.

[167 N.C. App. 612 (2004)]

competent evidence, and plaintiff is entitled to have her medical expenses paid for her back and mental conditions.

**2. Workers' Compensation— right to direct medical treatment—acceptance of compensable claim**

The Industrial Commission did not err in a workers' compensation case by failing to find as a fact that plaintiff did not offer evidence that medical treatment rendered by various doctors and facilities were necessary to effect a cure, to give relief, or to lessen plaintiff's period of disability, because: (1) defendant did not accept the claim as compensable and therefore was not entitled to select or limit plaintiff's physicians or treatment; and (2) while the Industrial Commission previously required a finding that a plaintiff's chosen physician was reasonably required to effect a cure or give relief in order for the care to be compensable, the 1991 amendment to N.C.G.S. § 97-25 deleted the language supporting such a requirement.

Appeal by Defendants from Opinion and Award of the North Carolina Industrial Commission filed 29 May 2003. Heard in the Court of Appeals 19 October 2004.

*Walden & Walden, by Daniel S. Walden, for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by W. Scott Fuller, for Defendant-Appellants.*

WYNN, Judge.

Defendants VF Corporation ("VF") d/b/a The Lee Apparel Company, Inc. d/b/a VF Jeans-Wear Limited Partnership and Gallagher Bassett Services, Inc. ("GBS") appeal from an Opinion and Award of the North Carolina Industrial Commission, contending that: (1) the Industrial Commission's Finding of Fact No. 21, to the extent it suggests a causal relationship between Craven's back injury and mental condition, is not supported by competent evidence; (2) the Industrial Commission's Conclusion of Law No. 3, insofar as it relates to Craven's mental condition, is not supported by competent findings of fact; (3) the Industrial Commission's Award No. 2, insofar as it relates to Craven's mental condition, is not supported by the Findings of Fact and Conclusions of Law; (4) the Industrial Commission erred in failing to find as a fact that Craven did not offer evidence that the medical treatment rendered by Drs. Bell and Holthusen, Forsyth Medical Center, and Maplewood Family Practice was necessary to

effect a cure, to give relief, or to lessen Craven's period of disability; and (5) the Industrial Commission erred in failing to conclude as a matter of law that the medical treatment rendered by Drs. Bell and Holthusen, Forsyth Medical Center, and Maplewood Family Practice was not necessary to effect a cure, to give relief, or to lessen Craven's period of disability. For the reasons stated herein, we disagree and affirm the Industrial Commission's Opinion and Award.

The procedural and factual history of the instant appeal is as follows: Craven worked as a jeans inspector at VF in Winston-Salem, North Carolina, where she was responsible for identifying and sorting irregular jeans. Craven's job, which she worked four days per week, ten hours per shift, involved lifting boxes of jeans weighing up to thirty pounds. While Craven was injured once before on the job when a bag of jeans hit her head and neck, she did not file a workers' compensation claim. Craven had no difficulty performing her duties until 28 March 2000.

The record further shows that when Craven arrived at work on 28 March 2000, her workstation was "a mess." Boxes of irregular jeans were everywhere because the employee who usually worked the shift prior to Craven did not show up to work. Craven reported to her manager that she needed assistance to process the backlog. Help was promised but never delivered. In picking up a box of jeans from the floor, Craven felt her back pop, then burn. Pain radiated to her hip and leg and she nearly passed out. At her break, Craven reported the injury to supervisors. On 29 March 2000, Craven was incapable of performing the lifting required at her job. Management arranged for medical care at PrimeCare, VF's health care provider. PrimeCare returned Craven to light duty work that could be performed standing or sitting and that involved less lifting.

On 10 April 2000, Craven visited her family physician, Dr. Keith Van Zandt, who noted that Craven had no history of back trouble. Dr. Van Zandt found tenderness and a strain and later diagnosed Craven with, *inter alia*, "very diffuse tenderness and muscle tightness in her upper and lower back" and "fairly marked spasms[.]" On 12 April 2004, Craven was evaluated by Novant Health; Craven was ordered to receive physical therapy twice a week for four weeks. Craven was seen again by Dr. Van Zandt's office, put on prescription medication for her condition, and temporarily taken out of work. On 15 May 2000, Craven was also seen by Dr. Greg Holthusen, an orthopedist for whose services Defendants refused to pay. Dr. Holthusen believed Craven to have a musculo-ligamentous injury. On 28 May 2000,

Craven was treated at the Forsyth Medical Center for severe spasms in her lower back and referred to an orthopedist. Craven was last able to work on 11 May 2000.

In May 2000, Defendants arranged for Craven to see Dr. Philips J. Carter, who diagnosed Craven with "back sprain" and "spinal stenosis." Dr. Carter believed Craven's pain to be real and prescribed medical and physical therapy treatment. Dr. Carter's prescriptions were, however, not being followed because "the insurance company wasn't paying for this or that [and was] sending [Craven] back to keep seeing me without doing my treatment." Carter believed "one of the things that, perhaps, prolonged [Craven's conditions] was just failure to get her into a good combination of medicine and therapy." As the Industrial Commission noted, Dr. Carter wrote on or around 12 July 2000, "I have requested further PT, but the insurance company has failed to do that. I am not sure why they are willing to pay my bill . . . and yet are not willing to do the treatment that I recommend." Indeed, on 13 July 2000, VF executed a Form 61 Denial of Workers' Compensation Claim. Again, on 3 August 2000, in its Response to Request That Claim Be Assigned For Hearing, VF denied the compensability of Craven's claim.

On 21 June 2000, Dr. Van Zandt noted that Craven was "having increasing [] difficulties as well as chronic pain." Dr. Van Zandt further noted that Craven was developing signs of depression. On 27 July 2000, Dr. Van Zandt noted that Craven "has had increasing depressive symptoms largely related to her ongoing back pain." Moreover, Dr. Carter, Defendants' requested physician, testified that he believed that it was reasonable for Craven to seek psychological treatment if she suffered from depression secondary to her back pain.

Deputy Commissioner W. Bain Jones, Jr. filed an Opinion and Award on 24 July 2001, concluding that Craven sustained injury due to a workplace accident, that Craven was entitled to medical treatment of the injury, and that Craven had failed to prove she remained disabled from the accident. Craven appealed to the full Industrial Commission, which found in its Opinion and Award dated 5 August 2002 and filed 29 May 2003, *inter alia*, that Craven had indeed remained totally disabled from her accident and was entitled to temporary total disability benefits. Defendants appealed.

---

In reviewing a decision of the Commission, this Court is "limited to reviewing whether any competent evidence supports the

Commission's findings of fact and whether the findings of fact sup-. port the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000); *Skillin v. Magna Corp./Greene's Tree Serv., Inc.*, 152 N.C. App. 41, 47, 566 S.E.2d 717, 721 (2002) (same). An appellate court reviewing a workers' compensation claim "does not have the right to weigh the evidence and decide the issue on the basis of its weight." *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quotation omitted). Rather, the Court's duty goes no further than determining "whether the record contains any evidence tending to support the finding." *Id.* (quotation omitted). If there is any evidence at all, taken in the light most favorable to the plaintiff, the finding of fact stands, even if there was substantial evidence going the other way. *Id.*

[1] Defendants contend the Industrial Commission's Finding of Fact No. 21, to the extent it suggests a causal relationship between Craven's back injury and mental condition, is not supported by competent evidence. Finding of Fact No. 21 itself includes a recantation of evidence provided by Craven's physician, Dr. Van Zandt, regarding, *inter alia*, her back and psychological conditions. The Industrial Commission directly quotes Van Zandt's report, noting Craven's "chronic pain" and "developing symptoms of depression." Additional evidence, including Van Zandt's 27 July 2000 report states that Craven "has had increasing depressive symptoms largely related to her ongoing back pain." The Industrial Commission's Finding of Fact No. 21 is supported by some competent evidence. We therefore affirm.

Because we find some competent evidence to support the Industrial Commission's Finding of Fact No. 21, we find that Conclusion of Law No. 3, entitling Craven to have her medical expenses paid for her back and mental conditions was supported by the Findings of Fact. Consequently, we also find the Industrial Commission's Award No. 2, insofar as it relates to Craven's mental condition, to be supported by the Findings of Fact and Conclusions of Law.

[2] Defendants contend that the Industrial Commission erred in failing to find as a fact that Craven did not offer evidence that the medical treatment rendered by Drs. Bell and Holthusen, Forsyth Medical Center, and Maplewood Family Practice was necessary to effect a cure, to give relief, or to lessen Craven's period of disability. We disagree. Generally, an employer has the right to direct the medical treatment for a compensable work injury. *Kanipe v. Lane Upholstery, Hickory Tavern Furniture Co.*, 141 N.C. App. 620, 623-24, 540 S.E.2d

CRAVEN v. VF CORP.

[167 N.C. App. 612 (2004)]

785, 788 (2000). However, "an employer's right to direct medical treatment (including the right to select the treating physician) attaches [only] once the employer accepts the claim as compensable." *Id.* at 624, 540 S.E.2d at 788; *see also Bailey v. W. Staff Servs.*, 151 N.C. App. 356, 363, 566 S.E.2d 509, 514 (2002) (same). Here, VF did not accept the claim as compensable, but rather denied the alleged accident and injury. VF and its carrier therefore did not have the right to select, *i.e.*, limit Craven's physicians or treatment.

Moreover, this Court indicated in *Franklin v. Broyhill Furniture Indus.*, 123 N.C. App. 200, 472 S.E.2d 382 (1996), that, while the Industrial Commission had previously been required to find that a plaintiff's chosen physician was reasonably required to effect a cure or give relief in order for the care to be compensable, the 1991 amendment to section 97-25 of the North Carolina General Statutes deleted the language supporting such a requirement. The Court therefore indicated that a finding that medical care by a plaintiff's chosen physician was reasonably required to effect a cure or give relief may not be required in cases, including the instant one, post-dating the 1991 amendment. *Id.* at 207-08, 472 S.E.2d 387.

For the foregoing reasons, we hold that the Industrial Commission did not err in failing to find as a fact that Craven did not offer evidence that the medical treatment rendered by Drs. Bell and Holthusen, the Forsyth Medical Center, and the Maplewood Family Practice was necessary to effect a cure, to give relief, or to lessen Craven's period of disability. Further, we find that the Industrial Commission did not err in failing to conclude as a matter of law that the medical treatment rendered by Drs. Bell and Holthusen, Forsyth Medical Center, and Maplewood Family Practice was not necessary to effect a cure, to give relief, or to lessen Craven's period of disability.

For the reasons stated above, we affirm the Industrial Commission's Opinion and Award.

Affirmed.

Judges HUNTER and THORNBURG concur.